**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RICHIE FOSTER LEVINE,

                                    Plaintiff,

                                                        1:22-CV-891
            v.                                          (GLS/DJS)

PATRICK BABIARZ, *et al.*,

                                    Defendants.

_____

APPEARANCES:

RICHIE FOSTER LEVINE
Plaintiff, *Pro Se*
Hoosick Falls, New York 12090

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

        Plaintiff filed this action seeking to assert claims regarding the alleged violation of

his federal rights.  Dkt. No. 1, Compl.  Plaintiff has not paid the filing fee but has

submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 3, which the

Court has granted.

### I. SUFFICIENCY OF THE COMPLAINT

#### A. Governing Legal Standard

        28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma*

*pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that

– . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).[1]   Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## B. Summary of the Complaint

Plaintiff brings this Complaint pursuant to 42 U.S.C. § 1983, claiming that his civil rights were violated when he was arrested for issuing a bad check in 1998. *See* Dkt. No. 1 at pp. 4-7. Plaintiff has asserted a number of claims against Patrick Babiarz, the New York State Police Investigator who allegedly arrested Plaintiff, Donald G. Cannon, the Town Judge who presided over the case, and Bank of America, as "successor-in-interest of Fleet Bank of New York." *Id.* at p. 2. Plaintiff alleges that the Defendants fabricated evidence against him, initiated a criminal proceeding in the absence of probable cause, and that his criminal conviction was vacated and dismissed in August 2021. *See e.g.*, Compl. at ¶¶ 110, 127, 149.

Plaintiff's Complaint asserts claims for: (1) a violation of his Sixth Amendment right to counsel; (2) unlawful Fourth Amendment search and seizure;[2] (3) false arrest; (4) malicious prosecution; (5) denial of fair trial rights; and (6) malicious abuse of process. Compl. at pp. 20-37. Each claim is asserted against all named Defendants.

## C. Analysis of Complaint

### 1. Claims against Defendant Cannon

The Court recommends dismissal of all claims against Defendant Cannon on the basis of judicial immunity. It is well-settled that judges are entitled to absolute immunity for judicial acts performed within their judicial capacities. *Mireles v. Waco*, 502 U.S. 9,

---

[2] Although this second claim is titled "42 U.S.C. § 1983 violating the Sixth Amendment Right of Plaintiff," Compl. at p. 21, the allegations appear to assert a Fourth Amendment search and seizure claim.

11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This immunity from suit "is not overcome by allegations of bad faith or malice" nor will a judge "be deprived of immunity because the action he took was in error … or was in excess of his authority." *Mireles v. Waco*, 502 U.S. at 11 (internal quotation marks omitted).

Judicial immunity can be overcome in only two limited circumstances: (1) where the actions were not taken in a judicial capacity; or (2) where the actions, though judicial in nature, were taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. at 11-12. The proper analysis for determining whether judicial immunity has been overcome looks to the "nature of the act" rather than the "impropriety of the act" to protect judges from being deprived of immunity simply because they made an error or unintentionally exceeded their authority. *See Mireles v. Waco*, 502 U.S. at 12-13. If the nature of the act is "a function normally performed by a judge," the judge is acting within his judicial capacity. *Id.* at 12. Furthermore, "the scope of the judge's jurisdiction must be construed broadly . . . [a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Zeigler v. New York*, 948 F. Supp. 2d 271, 282-83 (N.D.N.Y. 2013) (internal quotation marks omitted) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)); *accord Gross v. Rell*, 585 F.3d 72, 85 (2d Cir. 2009) (holding that where there is an issue of judicial immunity, jurisdiction must be construed broadly). The bar to overcome judicial immunity is high. Accordingly, "[a] judge is absolutely immune from liability for his judicial acts even if

his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. at 359; *see also Bradley v. Fisher*, 80 U.S. 335, 357 (1871).

Plaintiff has failed to make a showing that Defendant Cannon should not receive the benefit of judicial immunity here. First, Judge Cannon's actions relating to this claim occurred in his capacity as a town court judge while he was presiding over Plaintiff's case. In an attempt to circumvent this immunity, Plaintiff alleges that Defendant Cannon acted "as the prosecutor against Plaintiff Levine" and therefore did not act in his official capacity as a judge. Compl. at ¶¶ 73 & 75. This theory appears to be based solely upon Plaintiff's allegations that no prosecutor appeared at his hearings in the Town of Trenton Court, nor was there a record of such an appearance in his case file. Plaintiff's assertions on this point appear to be based upon a misunderstanding of how a misdemeanor charge may be brought in a judicial proceeding. *See, e.g.,* Compl. at ¶ 37 ("There was no prosecutor from the Oneida County District Attorney Office who appeared for the People to prosecute Plaintiff"). Plaintiff indicates that the criminal proceeding against him was initiated in a local court by the filing of an Information by Investigator Babiarz and that he pled guilty to the charge just a week later. Compl. at ¶¶ 30, 33, 40. "Under New York law, if there has been no indictment, a criminal action is commenced by the filing of an accusatory instrument, to wit, … a 'misdemeanor complaint' or an 'information' for a misdemeanor charge …." *Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir. 1997). Contrary to Plaintiff's assertions, therefore, there was simply no requirement that an Oneida County District Attorney be present at any of his proceedings. *See, e.g., People on the*

*Info. of Bruckner v. Wyner*, 142 N.Y.S.2d 393, 396 (Westchester Cnty. Ct. 1955).

Plaintiff asserts that he appeared before Judge Cannon for an initial arraignment on the

charge, and then subsequently appeared before the judge one week later to enter his plea.

The act of presiding over an arraignment and the taking of a plea, as described by Plaintiff

in the Complaint, are clearly acts undertaken within a judicial capacity and therefore

subject to absolute immunity.  Dismissal is appropriate where, as here, "a dispositive

defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage

Co.*, 141 F.3d 434, 437 (2d Cir. 1998)).[3]

### *2. Claims against Defendant Bank of America*

The Court similarly recommends dismissal of Plaintiff's claims asserted against

Bank of America because Plaintiff has failed to plausibly allege state action, nor has

Plaintiff articulated any personal involvement of this Defendant.  "Under 42 U.S.C. §

1983, constitutional torts are only actionable against state actors or private parties acting

'under the color of' state law." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014) (quoting

*Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)).  "Because the United

States Constitution regulates only the Government, not private parties, a litigant claiming

that his constitutional rights have been violated must first establish that the challenged

conduct constitutes 'state action.'" *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 3018, 312

(2d Cir. 2003) (quoting *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d

---

[3] To the extent that Plaintiff alleges Defendant Cannon acted as the prosecutor in this matter and abused his authority in doing so, that claim would be similarly barred by absolute immunity.  *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994).

Cir. 1991)). When a Plaintiff alleges that his rights have been violated by a private party engaged in state action, a court's analysis must begin "by identifying the specific conduct of which the plaintiff complains." *Id.* (quoting *Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999)). "In order to satisfy the state action requirement where the defendant is a private entity, the allegedly unconstitutional conduct must be 'fairly attributable' to the state." *Id.* "Conduct that is ostensibly private can be fairly attributed to the state only if there is 'such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Id.* (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (additional internal quotation marks omitted)). Here, Plaintiff has alleged that his rights were violated when he was arrested and convicted of issuing a bad check.

First, the Court notes that all of the factual allegations asserted by Plaintiff in his Complaint involve Fleet Bank, rather than named Defendant Bank of America. *See e.g.*, Compl. at pp. 4-16; Compl. at ¶ 86 ("Here Fleet Bank put forth no evidence to State Defendants that established any crime by Plaintiff occurred…"). Plaintiff has apparently named Bank of America in this suit only as a "successor in interest to Fleet Bank." Compl. at pp. 14-16. However, the Complaint wholly lacks any allegations that either Bank of America or its employees had any personal involvement in the violations alleged. This is simply not sufficient to state a viable claim. *See Ostensen v. Suffolk Cnty.*, 236 F. App'x 651, 652 (2d Cir. 2007) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Moreover, besides an allegation that Investigator Babiarz "met and spoke with Fleet Bank officials at the bank," Compl. at ¶ 28, and conclusory allegations that Fleet Bank "jointly engaged with state officials" to arrest Plaintiff, there are no allegations that would plausibly suggest that any bank officials conspired with state actors to violate Plaintiff's rights. To the contrary, Plaintiff alleges only that an unnamed individual from Fleet Bank issued a notice of protest and met with Defendant Babiarz regarding the dishonored check. Compl. at ¶ 86. Defendant Babiarz then drafted an information and initiated the proceeding against Plaintiff. Compl. at ¶ 30. These allegations do not establish that the Bank "operate[d] as a willful participant in joint activity with the State or its agents." *Tancredi v. Metropolitan Life Ins. Co.*, 316 F.3d at 313. Accordingly, the Court recommends dismissal of all claims asserted against Bank of America as well.

### 3. Claims against Defendant Babiarz

Finally, Plaintiff has asserted claims against New York State Police Investigator Patrick Babiarz in both an individual capacity and in his official capacity. The claims asserted are as follows: (1) violation of 6th Amendment right to counsel; (2) unlawful seizure in violation of the Fourth Amendment; (3) false arrest; (4) malicious prosecution; (5) denial of fair trial rights based on fabrication of evidence; (6) denial of fair trial rights based upon lack of assistance of counsel; and (7) malicious abuse of process. Compl. at pp. 20-37.

### i. Claims in Official Capacity

As an initial matter, the Court recommends dismissal of all claims brought by Plaintiff against Defendant Babiarz in his official capacity as a New York State Police Investigator.  A claim against a state employee in his or her official capacity is treated as a claim against the state.  *Sonnick v. Budlong*, 2020 WL 2999109, at *4 (N.D.N.Y. June 4, 2020) *report and recommendation adopted*, 2020 WL 4345004 (N.D.N.Y. July 29, 2020).  As a result, a claim asserted against Babiarz in his official capacity as a state trooper is equivalent to one asserted against the state of New York.  Such claims are barred by Eleventh Amendment immunity, which "protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought." *Id.* at *3.

### ii. Violation of Right to Counsel

Next, as to Plaintiff's claims asserting that he was denied the assistance of legal counsel in his criminal proceedings, the Court finds that Plaintiff has failed to allege the personal involvement of Investigator Babiarz and therefore recommends dismissal of Claims One and Six[4] on this basis.  Plaintiff's first claim, which is titled "42 U.S.C. § 1983 violating the Sixth Amendment Right of Counsel to [sic] Plaintiff against Defendants' Babiarz, Cannon and Bank of America" is not supported by any factual allegations that specifically allege how Investigator Babiarz, as a police investigator, was

---

[4] Plaintiff's Complaint asserts two claims entitled "Fifth Claim," the second of which is a claim for denial of fair trial rights related to assistance of counsel.  Compl. at p. 32.  For the sake of clarity, the Court will refer to this claim as Claim Six.

responsible for Plaintiff being denied legal counsel. Compl. at pp. 20-21. Plaintiff's Sixth

Claim, which is titled "Denial of Fair Trial Rights – Assistance of Counsel under 42

U.S.C. § 1983 against Defendants' Babiarz, Cannon and Bank of America" asserts

allegations only against Judge Cannon and does not reference Investigator Babiarz at all.

Compl. at pp. 32-35. Plaintiff's Complaint is devoid of any facts which plausibly allege

Investigator Babiarz's personal involvement in his claims related to the assistance of

counsel. "The law is clear that 'personal involvement of defendants in alleged

constitutional deprivations is a prerequisite to an award of damages under § 1983.'"

*Gray-Davis v. New York*, 2015 WL 2120518, at *7 (N.D.N.Y. May 5, 2015) (quoting

*McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). Accordingly, the Court

recommends dismissal of these claims.

### *iii. Remaining Claims*

Finally, as to Plaintiff's remaining claims against Investigator Babiarz, the Court

notes that certain of these claims are subject to a statute of limitations defense which is

apparent from the face of the Complaint. Plaintiff's claims related to false arrest, unlawful

search and seizure, and abuse of process are all untimely.

"The statute of limitations for section 1983 cases is three years from the date that

the plaintiff's cause of action accrued." *Sullivan v. City of Glens Falls*, 2022 WL

2390242, at *5 (N.D.N.Y. July 1, 2022), *report and recommendation adopted*, 2022 WL

4364026 (N.D.N.Y. Sept. 21, 2022), (citing *Owens v. Okure*, 488 U.S. 235, 249-51

(1989)). "While state law determines the limitations period, accrual of the plaintiff's

claim is based upon federal law, 'conforming in general to commonlaw tort principles.'"

*Id.* (quoting *McDonough v. Smith*, --- U.S. ----, 139 S. Ct. 2149, 2155 (2019)).  Plaintiff

asserts that even though he was arrested on January 13, 1998, "his false arrest claim would

not accrue until such date the criminal prosecution was vacated and dismissed, which is

August 2, 2021 the date Levine was absolved of any criminal liability and it [sic]

terminated in his favor."  Compl. at ¶ 127.

Claims of false arrest, however, "accrue against a plaintiff 'when legal process [i]s

initiated against him.'"  *Sullivan v. City of Glens Falls*, 2022 WL 2390242, at \*5 (quoting

*Steinbergin v. City of New York*, 2022 WL 1231709, at \*2 (2d Cir. Apr. 27, 2022)

(summary order)).  "The same is true for abuse of process claims," *id.*, and illegal search

and seizure claims, *see Giles v. Fitzgerald*, 2020 WL 6287479, at \*4 (N.D.N.Y. Oct. 27,

2020) (collecting cases).  Legal process is initiated for purposes of accrual when a

criminal defendant is arraigned on the charges.  *Sullivan v. City of Glens Falls*, 2022 WL

2390242, at \*5; *Watson v. United States*, 865 F.3d 123, 131 (2d Cir. 2017).

In this case, the accusatory instrument charging Plaintiff was signed by

Investigator Babiarz on January 13, 1998.  Compl. at p. 39.  "Under New York law,

where, as here, a criminal proceeding is commenced by the filing of an accusatory

instrument, arraignment follows shortly after the filing."  *Mitchell v. Victoria Home*, 377

F. Supp. 2d 361, 373 (S.D.N.Y. 2005) (citing *Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir.

1997)).  Plaintiff has alleged that he was both arrested and arraigned the same day that

the accusatory instrument was signed.  Compl. at ¶¶ 30, 32-34.  Any factual allegations

regarding Investigator Babiarz's involvement in these events cease after he allegedly prepared the accusatory instrument and effectuated the arrest on January 13, 1998. Accordingly, the filing of this Complaint more than twenty years after the date of Plaintiff's arrest and arraignment renders Plaintiff's claims for false arrest, unlawful search and seizure, and abuse of process untimely. *See Sullivan v. City of Glens Falls*, 2022 WL 2390242, at \*5; *Watson v. United States*, 865 F.3d at 131; *Giles v. Fitzgerald*, 2020 WL 6287479, at \*4.

In contrast to those claims, however, certain other claims asserted by Plaintiff are subject to a "delayed accrual." More specifically, claims which allege malicious prosecution and fabrication of evidence are held to accrue instead only following a favorable termination. *See Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022) (malicious prosecution); *McDonough v. Smith*, 139 S. Ct. at 2154-55 (fabricated evidence). Plaintiff has alleged that his criminal prosecution was vacated and dismissed on August 2, 2021. Compl. at ¶ 127. These claims are therefore not necessarily subject to the same statute of limitations defect as those discussed previously.

In order "[t]o state a § 1983 claim for malicious prosecution, a plaintiff must show (1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." *Weilburg v. Rodgers*, 2022 WL 3141761, at \*3 (N.D.N.Y. May 31, 2022) (quoting *Ramos v. City of New York*, 2020 WL 4041448, at \*5 (S.D.N.Y. July 16, 2020) (internal alteration

omitted)).    "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff [must] show that his prosecution ended without a conviction."    *Thompson v. Clark*, 142 S. Ct. at 1338.

A claim alleging fabrication of evidence represents a separate cause of action from a claim for malicious prosecution, even where the claims are "based on the same alleged fabrication of evidence."    *McDonough v. Smith*, 2022 WL 3279348, at *15 (N.D.N.Y. Aug. 11, 2022) (quoting *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276 (S.D.N.Y. 2010)).    Plaintiff here has characterized his claim for fabrication of evidence as a violation of his right to a fair trial.

To establish a claim for denial of the right to a fair trial, a plaintiff must establish that an "(1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result."    *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (citing *Johns v. Tavernier*, 316 F.3d 128, 138 (2d Cir. 2003)).

Mindful of the Second Circuit's instructions that a *pro se* plaintiff's pleadings must be liberally construed, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that Plaintiff has sufficiently pled claims for malicious prosecution and fabrication of evidence for purposes of surviving an initial review.    Accordingly, the Court recommends that Plaintiff's claims for malicious prosecution and fabrication of evidence be permitted to proceed against Defendant Babiarz in his individual capacity

only.  With this recommendation, the Court expresses no opinion as to whether these claims could withstand a properly filed motion to dismiss or motion for summary judgment.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that all claims asserted against Defendants Cannon and Bank of America be **DISMISSED**; and it is

**RECOMMENDED**, that the claims asserted against Defendant Babiarz be **DISMISSED** in part except that the claims for malicious prosecution and fabrication of evidence against Defendant Babiarz in an individual capacity be permitted to proceed; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[5] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[5] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:  October 25, 2022
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

- 16 -