**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RICHIE FOSTER LEVINE,**

                    **Plaintiff,**

         **v.**

**PATRICK BABIARZ et al.,**

                  **Defendants.**
_____

                    **1:22-cv-891**
                    **(GLS/DJS)**

## <u>SUMMARY ORDER</u>

Plaintiff *pro se* Richie Foster Levine commenced this civil rights action against defendants Patrick Babiarz, Donald G. Cannon, and Bank of America CDFI Funding Corporation pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.)  On October 25, 2022, Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order (R&R), which recommends dismissal of all claims with the exception of the claims against Babiarz for malicious prosecution and fabrication of evidence, in his individual capacity.  (Dkt. No. 8.)  Pending before the court are Levine's objections to the R&R.  (Dkt. No. 9.)

If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and

recommendations *de novo*. *See Almonte*, No. 04-CV-484, 2006 WL 149049, at *6-7. In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.[1] *See id.* The court retains the discretion to review any part of an R&R *de novo*. *Id.* at *5.

Levine has specifically objected to portions of the R&R. First, Levine argues that his false arrest claim against Babiarz was not untimely because the claim could not accrue until the underlying conviction was reversed. (Dkt. No. 9 ¶¶ 2-6.) Second, Levine contends that Cannon is not entitled to judicial immunity because he was "acting in the clear absence of all jurisdiction." (*Id.* ¶¶ 7-13.) The court notes that, in his objections, Levine ostensibly concedes that Bank of America is not a proper party to this suit and does not assert a specific objection to this conclusion.[2] (*Id.* ¶¶ 14-15.)

---

[1] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

[2] At most, Levine expresses a general disagreement with the R&R's recommendation of dismissal of his claims against Bank of America, which merits review of this recommendation for clear error only. *See*

Levine's specific objection to the recommendation that his claim

against Babiarz for false arrest be dismissed as untimely triggers *de novo*

review.  *See Almonte*, No. Civ. 04-CV-484, 2006 WL 149049, at *3.

Additionally, the court exercises its discretion to review *de novo* the

recommendation to dismiss Levine's claims against Babiarz related to

unlawful search and seizure and abuse of process as untimely.  (Dkt. No. 8

at 11-14.)  As explained below, the court rejects the R&R to the extent it

recommends dismissal for untimeliness.  (*Id.*)

A court should not dismiss a complaint with prejudice on the basis of

an anticipated statute of limitations defense without first granting a *pro se*

plaintiff notice and an opportunity to be heard.  *See Abbas v. Dixon*, 480

F.3d 636, 639-40 (2d Cir. 2007).  The R&R has arguably provided Levine

with both adequate notice and an opportunity to be heard; indeed, Levine

specifically objects to the recommendation that his false arrest claim be

dismissed as untimely.  (Dkt. No. 9 at 1-3.)  In an abundance of caution,

however, the court will permit Levine to further respond to the statute of

---

*Almonte,* No. Civ. 04-CV-484, 2006 WL 149049, at *5-6.  Additionally, the
primary reason for the recommendation of dismissal of all claims against
Bank of America is that Levine has failed to plausibly allege state action or
articulate any personal involvement.  (Dkt. No. 8 at 7-9.)  Levine does not
object to either conclusion.  (*See generally* Dkt. No. 9.)

limitations issue raised in the R&R.  (Dkt. No. 8 at 11-14.)  That is, Levine

must demonstrate why the relevant statutes of limitation have not run by,

perhaps, addressing whether, among other things, equitable tolling applies.

*See Victorial v. Burge*, 477 F. Supp. 2d 652, 654 (S.D.N.Y. 2007) ("A

litigant seeking equitable tolling bears the burden of establishing two

elements: (1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way.") (internal quotation

marks and citations omitted).  Levine should be mindful that he should

address only the statute of limitations issue and not rehash old arguments

or make new allegations.

　　As for the recommendation that Cannon be dismissed from this case

on the basis of judicial immunity, Levine's specific objection requires *de*

*novo* review.  *See Almonte*, No. Civ. 04-CV-484, 2006 WL 149049, at *3.

Levine has not pleaded any facts that indicate Cannon was acting outside

of his capacity as a judge.  (*See generally* Dkt. No. 9.)  Having carefully

considered the issue anew, for the same reasons in the R&R, (Dkt. No. 8

at 4-7), the court adopts the recommendation that all claims against

Cannon be dismissed.

　　As for the balance of the R&R, the court finds no clear error and

adopts it.  *See Almonte*, No. Civ. 04-CV-484, 2006 WL 149049, at \*5-6.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 8)

is **ADOPTED IN PART** and **REJECTED IN PART** as follows:

> **REJECTED** to the extent that it recommends dismissal of
>
> Levine's false arrest, search and seizure, and abuse of process
>
> claims against Babiarz on statute of limitation grounds; and
>
> **ADOPTED** in all other respects; and it is further

**ORDERED** that all claims against Cannon and Bank of America are

**DISMISSED**; and it is further

**ORDERED** that the Clerk **TERMINATE** Cannon and Bank of America

as defendants; and it is further

**ORDERED** that the claims for malicious prosecution and fabrication

of evidence against Babiarz in his individual capacity survive initial review;

and it is further

**ORDERED** that Levine shall, in writing, supplement his arguments on

the statute of limitation issue regarding his claims against Babiarz for false

arrest, search and seizure, and abuse of process within thirty (30) days

from the date of this Summary Order; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to

Levine in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

June 7, 2023
Albany, New York

Gary L. Sharpe
U.S. District Judge