**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RICHIE FOSTER LEVINE,**

            **Plaintiff,**

            **v.**

**PATRICK BABIARZ,**

            **Defendant.**
_____

**1:22-cv-891**
**(GLS/DJS)**

## SUMMARY ORDER

On October 25, 2022, Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order (R&R), which recommended dismissal of all claims brought by *pro se* plaintiff Richie Foster Levine, with the exception of the claims against defendant Patrick Babiarz for malicious prosecution and fabrication of evidence, in his individual capacity. (Dkt. No. 8.) On November 7, 2022 Levine objected to the R&R. (Dkt. No. 9.)

On June 6, 2023, the court rejected the recommendation of dismissal of Levine's claims against Babiarz for false arrest, unlawful search and seizure, and abuse of process as untimely, in an abundance of caution, and otherwise adopted the R&R. (Dkt. No. 10 at 3.) Levine was afforded the opportunity to "respond to the statute of limitations issue raised in the

R&R." (*Id.* at 3-4 (citation omitted).)  The court specifically directed Levine to "demonstrate why the relevant statutes of limitation have not run by, perhaps, addressing whether, among other things, equitable tolling applies." (*Id.* at 4 (citation omitted).)

Now before this court is Levine's supplemental response on the issue of timeliness.  (Dkt. No. 11.)  Levine argues that he was "pursuing his rights diligently and filed his claims within the 3 year statute of limitations from when he obtained knowledge that defendant had injured him." (*Id.* at 2.)  Mixed within a morass of case law, a small minority of which bears any relevance to the matter at hand, Levine provides four reasons that he believes should excuse commencing this lawsuit more than two-decades after the operative statutes of limitation would ordinarily expire: (1) the Town of Barneveld Court was "negligent" and "caused the untimeliness" because when Levine attempted to obtain files related to the criminal case at issue *nearly three decades* after the case was disposed, the files were "incomplete," "not properly stored," and "damaged"; (2) "Babiarz clearly mislead the court and [p]laintiff that his prosecution was based off no actual documents, just copies"; (3) "the statute of limitations was equitably tolled by virtue of the individual defendant's fraudulent concealment of their

2

actions and to mean fraudulent concealment that postpones the accrual of a cause of action"; and (4) he "was not given the proper information including original copies of the file and other circumstances were clearly beyond his control due to the fabrication." (*Id.* at 2-5.)

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. " *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted).  The court is mindful that "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks, citations, and emphasis omitted).  However, Levine's *pro se* status does not excuse him from demonstrating that equitable tolling is warranted.  *See Barrientos v. Lee*, No. 14-CV-3207, 2015 WL 3767238, at *10 (S.D.N.Y. June 17, 2015); *Victorial v. Burge*, 477 F. Supp. 2d 652, 654 (S.D.N.Y. 2007).  Levine's vague, conclusory, and, at times, incoherent statements about why he was unable to bring this suit within the statutes of limitation are insufficient to establish the requisite "extraordinary circumstance."  *See Barrientos*, 2015 WL 3767238, at *9-10.

Levine's gripes center around the notion that he is unable to obtain proper evidence to support his claims because nearly three decades has elapsed since the incidents he alleges occurred — ironically, this is one of the primary reasons that statutes of limitation exist.  *See Carey v. Int'l Bhd. of Elec. Workers Loc. 363 Pension Plan*, 201 F.3d 44, 47 (2d Cir. 1999) ("Statutes of limitation serve several important policies, including rapid resolution of disputes, repose for those against whom a claim could be brought, and avoidance of litigation involving lost evidence or distorted testimony of witnesses.") (citation omitted).  Finally, Levine's conclusory statement that he pursued his claim with reasonable diligence is likewise insufficient.  See *Barrientos*, 2015 WL 3767238, at *10.

Accordingly, it is hereby

**ORDERED** that Levine's claims for false arrest, unlawful search and seizure, and abuse of process against Babiarz are dismissed as untimely; and it is further

**ORDERED** that the only claims that survive initial review are Levine's claims for malicious prosecution and fabrication of evidence against Babiarz in his individual capacity; and it is further

4

**ORDERED** that the Clerk provide a copy of this Order to Levine in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

July 26, 2023
Albany, New York

Gary L. Sharpe
U.S. District Judge

5