UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHIE FOSTER LEVINE,

                          Plaintiff,

                -v-                         1:22-CV-891

PATRICK BABIARZ,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

RICHIE FOSTER LEVINE
Plaintiff, Pro Se
P.O. Box 410
Hoosick Falls, NY 12090

JOSEPH A. DETRAGLIA, ESQ., P.C.    JOSEPH A. DETRAGLIA, ESQ.
Attorneys for Defendant
P.O. Box 53
Clinton, NY 13323

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I.  INTRODUCTION

On August 26, 2022, plaintiff Richie Foster Levine ("Levine" or "plaintiff"),

acting *pro se*, filed this 42 U.S.C. § 1983 action against Judge Donald G.

Cannon ("Judge Cannon"), Bank of America CDFI Funding Corporation

("Bank of America"), and defendant Patrick Babiarz ("Babiarz" or "defendant").  Dkt. No. 1.  Plaintiff's complaint alleges that his constitutional rights were violated when he was arrested and subsequently convicted for writing a "bad check" to the Mapledale Market to pay for groceries in 1997.  Plaintiff's complaint alleged claims for (1) violation of his right to counsel; (2) unlawful search and seizure; (3) false arrest; (4) malicious prosecution; (5) fabrication of evidence; and (6) malicious abuse of process.  *Id.*  The case was initially assigned to Senior U.S. District Judge Gary L. Sharpe.

On October 25, 2022, U.S. Magistrate Judge Daniel J. Stewart conducted an initial review of the complaint and issued a Report and Recommendation ("R&R") recommending dismissal of Judge Cannon and Bank of America as well as dismissal of the bulk of plaintiff's claims against Babiarz.  Dkt. No. 8.  Judge Sharpe adopted in part and rejected in part this R&R on June 7, 2023.  Dkt. No. 10.

In particular, Judge Sharpe dismissed Judge Cannon on the basis of judicial immunity and Bank of America because Levine conceded that, as a private business, it was an improper party in this § 1983 action.  Dkt. No. 10.  However, Judge Sharpe instructed plaintiff to file a supplemental response addressing the timeliness of his false arrest, unlawful search, unlawful seizure, and abuse of process claims.  *Id.*

On July 7, 202, Levine filed a supplemental response in accordance with Judge Sharpe's instructions.  Dkt. No. 11.  Upon review of plaintiff's responsive filing, Judge Sharpe dismissed plaintiff's false arrest, unlawful search, unlawful seizure, and abuse of process claims as untimely.  Dkt. No. 12.  Accordingly, only plaintiff's malicious prosecution and fabrication of evidence claims remained pending against Babiarz.  *Id.*  Thereafter, plaintiff completed service on defendant.  Dkt. No. 14, 24, 29.

On February 29, 2024, Babiarz moved pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss Levine's claims.  Dkt. No. 35.  The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.  Dkt. Nos. 35, 37, 39.

## II.  <u>BACKGROUND</u>

This case is about a "bad check" drafted from Levine's bank account to pay for groceries in late 1997.  According to plaintiff, he and his wife opened a bank account with Fleet Bank at 5950 Main Street in Remsen, New York in September 1997.  Compl. ¶ 23.

On or about November 19, 1997, plaintiff and his wife visited Mapledale Market in Barneveld, New York.  Compl. ¶ 24.  That day, the couple paid for their groceries by check.  *Id.*  Plaintiff's wife wrote a check in the amount of $64.88 and signed plaintiff's name.  *Id.*  The store accepted plaintiff's check and plaintiff and his wife received their groceries.  *Id.*  But later, when the

store submitted the check to Fleet Bank for payment it was returned for insufficient funds in plaintiff's checking account.  *Id.* ¶ 25.

On January 2, 1998, Fleet Bank issued a Certificate of Protest (the "Certificate") to all parties.  Compl. ¶ 27.  The Certificate stated that the bank would not pay on plaintiff's check because he had insufficient funds in his account.  *Id.*

Later, on January 9, 1998, Babiarz spoke with Fleet Bank officials regarding Levine's check.  Compl. ¶ 28.  Defendant then provided information to the police recounting the day that plaintiff wrote the check in question to pay for groceries at the Mapledale Market.  Defendant signed a written witness statement on January 13, 1998.  *Id.* ¶ 30.

That day, Levine was arrested at his home in Trenton County, New York for "issuing a bad check" in violation of § 190.10.  Compl. ¶¶ 32–33.  Plaintiff was handcuffed and transported to the Town of Trenton Court where he was fingerprinted and arraigned.  *Id.* ¶¶ 33, 97–99.  Plaintiff pled guilty to the misdemeanor charge, made the required restitution of $64.88, and paid a fine in the amount of $75.12.  *Id.* ¶ 40.  However, plaintiff's misdemeanor conviction was vacated by Judge Anne Zielenski on August 2, 2021.  *Id.* ¶¶ 47, 138.  This lawsuit followed.

## III.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the level of speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

## IV. DISCUSSION

Levine brings this case *pro se*. Accordingly, his complaint must be construed "liberally with special solicitude and interpreted to raise the strongest claims that they suggest." *McCullough v. Graves*, 2024 WL 532570, at *2 (N.D.N.Y. Feb. 9, 2024) (cleaned up).

Levine asserts claims for malicious prosecution and fabrication of evidence against Babiarz under § 1983. Compl. ¶¶ 135–46, 147–64. Defendant has

moved to dismiss these claims on the ground that he is a private citizen who has never worked for the New York State Police.  Def.'s Mem. at 3–4.[1]

"Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"  *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005)).

"[S]tate action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'"  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

As the Supreme Court has recognized, "there is no single test to identify state actions and state actors."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 294 (2001).  Although a host of factors can bear on this question, three main tests have emerged:

> For purposes of section 1983, the actions of a nominally private entity are attributable to the state when: (1) the entity acts pursuant to the "coercive

---

[1] Pagination corresponds to CM/ECF.

> power" of the state or is "controlled" by the state ("the
> compulsion test"); (2) when the state provides
> "significant encouragement" to the entity, the entity is
> a "willful participant in joint activity with the state,"
> or the entity's functions are "entwined" with state
> policies ("the joint action test" or "close nexus test"); or
> (3) when the entity "has been delegated a public
> function by the state ("the public function test").

*Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (cleaned up).  But "it is well settled that a private entity's 'provision of background information to a police officer does not by itself make [that entity] a joint participant in state action under Section 1983.'" *Rice v. City of N.Y.*, 275 F. Supp. 3d 395, 403 (E.D.N.Y. 2017) (quotations omitted).

Babiarz argues that he was not a state actor at the time of the events in question.  Def.'s Mem. at 3–4.  According to defendant, he was working as a grocery store clerk at the Mapledale Market where plaintiff used the bad check to pay for groceries.  *Id.*  Defendant claims that he only provided eyewitness information to the police about at the direction of his then-employer.  *Id.*  Babiarz has appended an affidavit to his motion papers in which he claims he was acting as a private citizen and has only been sued based on a case of mistaken identity.  Def.'s Aff., Dkt. No. 35-1 at 1–4.

However, Levine's complaint remains at pre-answer review against defendant's motion to dismiss.  The parties have not engaged in any discovery.  Therefore, the Court cannot consider Babiar'z affidavit because it

is extraneous evidence.  *Goel*, 820 F.3d at 559.  Rather, the Court is limited to the factual allegations contained in plaintiff's complaint.  *Id.*

As relevant here, Levine alleges that Babiarz was acting as a "New York State Police Troop B investigator" when he provided information about plaintiff's transaction in the Mapledale Market.  Compl. ¶¶ 30–31.  But even accepting plaintiff's allegation that defendant was a state actor, plaintiff's remaining § 1983 claims against defendant still fail.

### A.  Malicious Prosecution

Levine has asserted a § 1983 malicious prosecution claim.  Compl. ¶ 135–46.  Babiarz argues that he is entitled to dismissal this claim on the ground that he was not acting as, on behalf of, or jointly with the New York State Police when he provided eyewitness information to them.  Def.'s Mem. at 2–4.

To state a malicious prosecution claim under § 1983, plaintiff must allege a Fourth Amendment deprivation as well as a malicious prosecution claim under state law.'"  *Perez v. City of N.Y.*, 2022 WL 4236338, at *13 (S.D.N.Y. Sept. 14, 2022) (quotation omitted).  To bring a malicious prosecution claim under New York law, plaintiff must plead "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice[.]"  *Smith-Hunter v. Harvey*, 734 N.E.2d 750, 752 (N.Y. 2000) (quotation omitted).

Levine has alleged that he was prosecuted and convicted for issuing a bad check under New York Penal Law § 190.10. Compl. ¶¶ 33, 40. Plaintiff also alleges that his conviction was vacated in 2021. *Id.* ¶ 46. Plaintiff has not, however, plausibly alleged that probable cause was lacking for his initial prosecution under § 190.10.

Under New York law, when an individual writes a check that he has insufficient funds to cover, he is presumed to have knowledge of the insufficiency of his funds. N.Y. PENAL LAW § 190.10(1). As relevant here, a "Certificate of Protest" from a drawee-bank is presumptive evidence that the individual intended to issue a bad check and that he has insufficient funds to cover the check amount. § 190.10(3).

Levine's own complaint alleges that the bank issued this Certificate prior to his arrest on January 2, 1998. Compl. ¶ 27. Plaintiff further alleges that this Certificate was provided to the Town of Trenton Court prior to his arraignment for issuing a bad check in violation of § 190.10. *Id.* ¶ 31. The Certificate established presumptive evidence that Levine violated § 190.10, which established probable cause to prosecute him.

This is fatal to plaintiff's § 1983 malicious prosecution claim. *Buari v. City of N.Y.*, 530 F. Supp. 3d 356, 384 (S.D.N.Y. 2021) (citing *Boyd v. City of N.Y.*, 336 F.3d 72, 75 (2d Cir. 2003) ("No claim for malicious prosecution can

survive if there was probable cause for the prosecution.").  Accordingly, Babiarz's motion to dismiss this claim will be granted.

**B. <u>Fabrication of Evidence</u>**

Levine has also asserted a fabrication of evidence claim.  Compl. ¶¶ 147–64.  Babiarz again argues that he was not acting as a state actor when he provided eyewitness statements to the police.  Def.'s Mem. at 2–4.

"To succeed on a fabricated evidence claim, a plaintiff must establish that an (1) investigating official (2) fabricated information (3) that is likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a deprivation of life, liberty, or property as a result." *Barnes v. City of N.Y.*, 68 F.4th 123, 128 (2d Cir. 2023) (cleaned up).  A § 1983 fabricated-evidence claim is actionable even in the absence of a trial.  *Snead v. City of N.Y.*, 463 F. Supp. 3d 386, 392 (S.D.N.Y. 2020).

Unlike Levine's malicious prosecution claim, a § 1983 fabrication of evidence claim is not defeated by a showing of probable cause.  *Barnes*, 68 F.4th at 132.  This is because fabrication of evidence claims are rooted in Fifth and Fourteenth Amendment Due Process rights.  *Id.* at 129.  Thus, probable cause to prosecute cannot cure the separate deprivation of fair trial rights that occurs when the government fabricates evidence.  *Id.*

Upon review, Levine has not plausibly alleged his fabrication of evidence claim.  As noted above, plaintiff's complaint specifically alleges that the bank

issued the Certificate and that the Certificate was produced to the Town of Trenton Court.  Compl. ¶¶ 27, 31.  This document constituted presumptive evidence of plaintiff's knowledge of his insufficient funds and intent to draft a bad check under New York Penal Law § 190.10.  *See supra.*

Levine alleges that Babiarz also gave some information to police.  The information defendant provided prosecutors, broadly construed, identified Levine as a customer of Mapledale Market who wrote a check to pay for his groceries on November 19, 1997.  This information is duplicative of the facts contained in the Certificate.

Whether evidence is likely to influence a jury's verdict ordinarily presents a fact-bound question.  *See, e.g.*, *Simon v. Cruz*, 2020 WL 2837020, at *2 & n.5 (E.D.N.Y. June 1, 2020) (noting that this element is usually a good jury question).  But even accounting for Levine's *pro se* status, criminal liability under New York's bad-check statute relies far too heavily on the Certificate to conclude that Babiarz's eyewitness information is sufficient to state a plausible fabrication of evidence claim under § 1983.  That is especially so where, as here, it is extremely doubtful that defendant is even a state actor subject to § 1983 liability.  *See supra.*  Accordingly, plaintiff's fabrication of evidence claim will be dismissed.

**C.  <u>Leave to Amend</u>**

Finally, Levine request leave to amend his complaint.  Pl.'s Opp'n at 8. Generally, district courts in this Circuit are "reluctant" to dismiss a *pro se* plaintiff's complaint without leave to amend.  *Sawabini v. McConn*, 2021 WL 2142974, at *4 (N.D.N.Y. May 26, 2021) (quoting *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 303 (N.D.N.Y. 2019)).

Here, however, Levine's own complaint asserts that his original conviction under § 190.10 was supported by the Certificate.  Therefore, any attempt by plaintiff to amend his malicious prosecution and fabrication of evidence claims is "unlikely to be productive, so . . . it is not an abuse of discretion to deny leave to amend."  *Dos Santos v. Syracuse Police Dep't*, 2023 WL 3612842, at *2 (N.D.N.Y. May, 24, 2023) (quoting *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)); *see Socash v. O'Neal*, 2022 WL 3646816, at *2 (N.D.N.Y. Aug. 24, 2022) (quoting *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) ("[I]t is well established that leave to amend a complaint need not be granted where amendment would be futile.").  Accordingly, plaintiff's request for leave to amend his complaint will be denied.

## V.  <u>CONCLUSION</u>

Levine has not plausibly alleged § 1983 claims for malicious prosecution or fabrication of evidence against Babiarz.  Although the Court has excluded defendant's affidavit from consideration for the purpose of this motion

practice, it appears likely that plaintiff has brought a civil rights suit against a private party who cannot be sued under § 1983.[2]

Therefore, it is

ORDERED that

1.  Defendant's motion to dismiss is GRANTED; and

2.  Plaintiff's complaint is DISMISSED with prejudice.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  April 4, 2024
        Utica, New York.

---

[2]  If Babiarz's affidavit proves accurate, Levine's decision to allege otherwise may be chalked up to simple misunderstanding.  But plaintiff is cautioned that, even though he may be a non-lawyer, he remains subject to requirements of Rule 11 of the Federal Rules of Civil Procedure.  Under Rule 11, a party who files a document with the Court is under an obligation to conduct an appropriate inquiry before certifying factual assertions.  Knowingly false representations may be subject to sanctions.